Filed 7/30/24  P. v. Vigil CA2/4
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## SECOND APPELLATE DISTRICT
## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B327807 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. KA117413 |
| AARON ANTHONY VIGIL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mike Camacho, Judge. Remanded with instructions.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

This is defendant and appellant Aaron Anthony Vigil's third appeal. Because the issue presented here is narrow and straightforward, and because we are not publishing this opinion, we omit much of the factual and procedural background underlying Vigil's convictions, sentencing, and prior appeals. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.) That background information is largely contained in this court's opinions resolving Vigil's first two appeals, which we take judicial notice of and incorporate by reference. (*People v. Vigil* (Dec. 17, 2020, B298543) [nonpub. opn.] (*Vigil I*); *People v. Vigil* (Jul. 28, 2022, B315445) [nonpub. opn.] (*Vigil II*); Evid. Code, § 452, subd. (d).) We resolve this case by memorandum opinion, focusing on the narrow issue presented. (Cal. Stds. Jud. Admin., § 8.1.) That issue is as follows.

In *Vigil II*, we remanded the matter to the trial court with instructions to apply Assembly Bill No. 518 (AB 518). (*Vigil II*, *supra*, B315445.)[1] On remand, the trial court exercised its discretion to deny Vigil relief under AB 518. On appeal, Vigil now argues his trial counsel was prejudicially ineffective by not seeking relief in the trial court under Senate Bill No. 81 (SB 81). Effective January 1, 2022, SB 81 (2021-2022 Reg. Sess.) amended Penal Code[2] section 1385 by adding subdivision (c), which requires courts to strike sentencing enhancements when it is in the interest of justice to do so, while affording great weight to

1       AB 518 (2021-2022 Reg. Sess) amended section 654 by removing the requirement that a defendant be punished for the offense with the longest term of imprisonment. (Stats 2021, Ch. 441.)

2       All undesignated statutory references are to the Penal Code.

evidence offered by the defendant to prove mitigating factors. (Stats. 2021, ch. 721, § 1.) One such mitigating circumstance is when multiple enhancements are alleged in a single case, as happened here. (§ 1385, subd. (c)(2)(B).) Because the trial court imposed two different enhancements – a five-year prior serious felony enhancement (§ 667, subd. (a)(1)) and a one-year weapon use enhancement (§ 12022, subd. (b)(1)) – Vigil argues his case should be remanded for the trial court to decide whether to grant him relief under SB 81 and section 1385, subdivision (c)(2)(B). Vigil also notes that another mitigating circumstance applies to him – the fact that his prior serious felony enhancement is based on a conviction that is over five years old. (§ 1385, subd. (c)(2)(H).)

The Attorney General disagrees with Vigil's assertions that remand is warranted in light of SB 81. He argues that because the trial court ultimately did not change Vigil's sentence in light of AB 518, and because SB 81 applies only to "sentencings occurring after January 1, 2022[,]" (§ 1385, subd. (c)(7)), remand would be inappropriate. In other words, the Attorney General contends although the hearing at which the trial court denied Vigil relief under AB 518 took place in December 2022, after the effective date of SB 81, because the court did not ultimately modify the sentence, the December 2022 hearing was not a sentencing hearing. We are unpersuaded by this argument. As the trial court clearly stated at that hearing: "[T]his is a resentencing [hearing] pursuant to the most recent remittitur order." It is thus clear the trial court perceived the December 2022 hearing as a resentencing hearing, and we agree with the trial court that it indeed was a resentencing hearing. At that resentencing hearing, the court declined to exercise its discretion

3

under AB 518, and instead resentenced Vigil to the sentence previously imposed. We therefore reject the Attorney General's argument that Vigil was not resentenced after the date when SB 81 took effect.

We are likewise unpersuaded by the Attorney General's argument that remand is unwarranted because Vigil cannot show prejudice. The crux of the Attorney General's argument is remand would be an idle act because the record clearly indicates the trial court would not grant Vigil relief under SB 81. We disagree, as there is no way to be certain what the trial court would do with its newfound discretion conferred by the Legislature under SB 81.

We decline to address Vigil's argument that his trial counsel was prejudicially ineffective by not seeking relief under SB 81. Because Vigil's liberty interest is at stake, and because the Legislature has decided that individuals such as Vigil should have the opportunity to obtain relief under SB 81, we exercise our own discretion to remand the matter for reconsideration under SB 81. (See § 1260 [granting appellate courts broad discretion to fashion remedy that best serves principles of fairness and justice].)

We additionally note that, on remand, Vigil's counsel should be allowed to raise, and the trial court should consider, any other recently-enacted sentencing laws that may apply to Vigil.

## DISPOSITION

The case is remanded for resentencing in light of SB 81. Defense counsel may also raise, and the trial court may consider, any other recently-enacted sentencing laws that may apply to Vigil. We express no opinion concerning what sentence the court should impose on remand.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                                    CURREY, P. J.

We concur:



COLLINS, J.



MORI, J.